# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN** | | |
|---|---|---|
| 31st | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** |

24-000934-NO
Lane

**Court address**

201 McMorran Blvd., Port Huron, MI 48060 | (810) 985-2200

| Plaintiff's name, address, and telephone no.<br>Kyle J. Bristow<br>P.O. Box 453<br>St. Clair, MI 48079<br>(248) 838-9934 / bristowlaw@gmail.com | v | Defendant's name, address, and telephone no.<br>NRE 1, LLC<br>c/o Osborn Maledon, P.A.<br>2929 N. Central Ave., Ste. 2100<br>Phoenix, AZ 85012 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Kyle J. Bristow (P77200)<br>Bristow Law, PLLC<br>P.O. Box 453<br>St. Clair, MI 48079<br>(248) 838-9934 / bristowlaw@gmail.com | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| MAY 0 2 2024 | 21 DAYS | ANGIE WATERS |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**Summons**  (3/23)

Case No. <u>24 -</u>          - NO

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served    ☐ personally    ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)    a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | **TOTAL FEE** $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                      Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE 31st JUDICIAL CIRCUIT COURT FOR ST. CLAIR COUNTY
## CIVIL DIVISION

**KYLE J. BRISTOW,**

      Plaintiff,

  v.

**NRE 1, LLC,**

      Defendant.

Case No. 2 [barcode] 24-000934-NO

Hon. Lane

**There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.**

---

**BRISTOW LAW, PLLC**
Kyle J. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
*Pro se Plaintiff*

2024 MAY -2  PM 12: 47
ST. CLAIR COUNTY CLERK
RECEIVED
ANGIE WATERS

---

## PLAINTIFF KYLE J. BRISTOW'S COMPLAINT

---

NOW COMES Kyle J. ("Plaintiff"), in *propria persona*, and hereby propounds upon NRE 1, LLC (d/b/a SubTo) ("Defendant") and this Honorable Court Plaintiff Kyle J. Bristow's Complaint:

## I. INTRODUCTION

1. Plaintiff is suing Defendant for violating the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Michigan's Home Solicitation Sales Act, MCL 445.111, *et al*, and Michigan's Telephone Companies as Common Carriers Act, MCL 484.125, for contacting Plaintiff's cellular telephone number for a commercial purpose a total of twenty-four times (nine

telephone calls, ten text messages, and five voicemails) despite Plaintiff's cellular telephone number continuously being registered with the National Do Not Call Registry since November 10, 2005, and Plaintiff never providing Defendant with prior express written consent to contact Plaintiff's cellular telephone number for a commercial purpose. Furthermore, when Plaintiff made demand—pursuant to 47 C.F.R. § 64.1200(d)(1)—for a copy of Defendant's written policy of maintaining a do-not-call list, Defendant failed to produce the same.

## II. PARTIES

2. Plaintiff is an adult natural person who resides in St. Clair County, State of Michigan.

3. Defendant is a for-profit limited liability company based in City of Tempe, Miami-Dade County, Maricopa County, State of Arizona, which maintains its principal office at the address commonly known as 1050 W. Washington St., Ste. 133, Tempe, AZ 85288. According to the Arizona Corporation Commission, the registered agent of Defendant is Osborn Maledon, P.A., at the address commonly known as 2929 N. Central Ave., Ste. 2100, Phoenix, AZ 85012, and the manager of Defendant is Josiah Grimes at the address commonly known as 350 W. Washington St., Ste. 201, Tempe, AZ 85281.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves a dispute of over twenty-five thousand dollars ($25,000.00). See Const 1963, art VI, § 13; MCL 600.605; MCL 600.8301(1); *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016).

5. This Court enjoys limited personal jurisdiction over Defendant, because Defendant did and caused an act to be done in the State of Michigan resulting in the actions for tort alleged herein, and Defendant transacted business within the State of Michigan in the form of sending

2

telecommunications of a commercial purpose to Plaintiff's cellular telephone number which give rise to Plaintiff's instant tort claims. See MCL 600.705(1) and (2); MCL 600.715(1) and (2); *Oberlies v Searchmont Resort, Inc.*, 246 Mich App 424, 437; 633 NW2d 408 (2001) ("[I]n order for a foreign defendant to be compelled to defend a suit brought in Michigan where the defendant's contacts with Michigan are limited solely to advertising aimed at Michigan residents, the defendant's instate advertising activities must, in a natural and continuous sequence, have caused the alleged injuries forming the basis of the plaintiff's cause of action.").

6. The area code of "586" is associated with Southeast Michigan. See "Area code 586" <https://en.wikipedia.org/wiki/Area_code_586>. Accessed 2 April 2024. Courts have found the location of the area code of the called telephone number to be dispositive as to whether or not the caller intended to purposefully avail itself of the privilege of conducting business in the called party's state. See *Abramson v Agentra, LLC*, Case No. 18-615 (WD Pa December 18, 2018)[1]; *Abramson v CWS Apartment Homes, LLC*, Case No. 16-426 (WD Pa October 24, 2016)[2] ("District courts across the country have found purposeful direction based on allegations a defendant sent its telemarketing call to a number bearing the state's area code. * * * We likewise find purposeful direction based on [the plaintiff's] averment [the defendant] sent the text message to his cell phone bearing a Pennsylvania area code.") (Internal citations omitted).

7. Venue is proper with this Court for the instant civil action because Plaintiff's instant tort claims against Defendant seek damages for personal injury, Plaintiff resides in St. Clair County, State of Michigan, and one or more of Plaintiff's injuries occurred in St. Clair County, State of Michigan. See MCL 600.1627; MCL 600.1629(1)(b).

---

[1] Accessible online at <https://casetext.com/case/abramson-v-agentra-llc>.

[2] Accessible online at <https://casetext.com/case/abramson-v-cws-apartment-homes-llc>

## IV. STATEMENT OF FACTS

8. Plaintiff's cellular telephone number is used for residential purposes and is contacted by calling, texting, or leaving a voicemail after contacting the number of (586) 713-8395. Said cellular telephone number has been continuously registered with the National Do Not Call Registry since November 10, 2005, because Plaintiff does not wish to be bothered with unsolicited telephone calls, text messages, or voicemails of a commercial nature.

9. According to Defendant's website, <https://www.subto.com/>, Defendant offers its paying customers with financing strategies which are useful for real estate investors.

10. Plaintiff is not a real estate investor and has no interest in the services offered by Defendant.

11. Plaintiff has not provided Defendant with prior express written consent to contact Plaintiff's cellular telephone number by calling it, sending text messages to it, or leaving voicemails for a commercial purpose.

12. Pursuant to 47 C.F.R. § 64.1200(f)(9), "prior express written consent" means "an agreement, in writing, bearing the signature **of the person called** that clearly authorizes the seller to deliver or cause to be delivered to the person * * * telemarketing messages[.]" (Emphasis added.) Consent is not transferrable; only the person called can provide consent for calls made to that person to be compliant with the TCPA. See *Baisden v Credit Adjustments, Inc*, 813 F3d 338, 339 (CA 6, 2016); *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 565 n 38 (2007).

13. In *Osorio v State Farm Bank*, 746 F3d 1242 (CA 11, 2014), the United States Court of Appeals for the Eleventh Circuit held that only the current user of a telephone number has authority to provide prior express written consent for telephone calls to be made to their telephone by a telemarketer. Defendant has no such prior express written consent from Plaintiff for purposes of

4

the numerous telephone text messages, telephone calls, or voicemails complained of within this Complaint.

14. Plaintiff has no prior or current business relationship with Defendant.

15. On the following dates and times someone who has identified himself as "Daniel" and who called on behalf of "Pace Morby's team at SubTo" contacted Plaintiff's cellular telephone number in the following ways for a commercial purpose by using the telephone number of (602) 932-7749:

a.   December 15, 2023, at 3:10 p.m. (Phone Call)

b.   December 15, 2023, at 3:10 p.m. (Voicemail)

c.   December 15, 2023, at 3:11 p.m. (Text Message)

d.   December 19, 2023, at 12:29 p.m. (Phone Call)

e.   December 22, 2023, at 12:08 p.m. (Phone Call)

f.   March 22, 2024 at 9:51 a.m. (Phone Call)

g.   March 22, 2024, at 9:52 a.m. (Text Message)

h.   March 22, 2024, at 9:52 a.m. (Voicemail)

i.   April 9, 2024, at 3:56 p.m. (Phone Call)

j.   April 9, 2024, at 3:56 p.m. (Voicemail)

k.   April 9, 2024, at 3:56 p.m. (Text Message)

16. On the following dates and times someone who has identified himself as "Nick" or "Nicholas" and who called on behalf of "Pace Morby's team at SubTo" contacted Plaintiff's cellular telephone number in the following ways for a commercial purpose by using the telephone number of (602) 975-4746:

1.   December 1, 2023, at 12:50 p.m. (Phone Call)

2.   December 1, 2023, at 12:50 p.m. (Voicemail)

5

3. December 1, 2023, at 12:50 p.m. (Text Message)

4. December 4, 2023 at 2:05 p.m. (Phone Call)

5. December 4, 2023, at 2:06 p.m. (Text Message)

6. December 4, 2023, at 2:06 p.m. (Voicemail)

7. December 7, 2023, at 12:12 p.m. (Phone Call)

8. December 7, 2023, at 12:13 p.m. (Text Message)

9. December 12, 2023, at 5:42 p.m. (Phone Call)

10. December 12, 2023, at 5:42 p.m. (Text Message)

11. February 9, 2024, at 12:44 p.m. (Text Message)

12. February 20, 2024, at 3:27 p.m. (Text Message)

13. April 3, 2024, at 10:52 a.m. (Text Message)

17. At no time did Plaintiff ever respond to Defendant's employees' or agents' text messages, telephone calls, or voicemails which Defendant's employees or agents made to Plaintiff's cellular telephone number, and yet Defendant's employees or agents nevertheless saw fit to continue contacting Plaintiff's cellular telephone number. Courts have, however, repeatedly held that plaintiffs owe no duty of mitigation of damages to telemarketers. See *Powell v West Asset Management, Inc*, 773 F Supp 2d 761 (ND Ill, 2011):

> In addition, courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty. *See Holtzman v. Turza,* No. 08 C 2014, 2010 WL 3076258, at *5 (N.D.Ill. Oct. 29, 2010); *Fillichio v. M.R.S Associates, Inc.,* No. 09-612629-CIV, 2010 WL 4261442, at *5 (S.D.Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye,* 114 Ohio St. 3d 76, 868 N.E.2d 270, 275 (2007); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 347 (Tex.Ct.App.2004); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.,* No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo.Cir. May 17, 2006); *Jemiola v. XYZ Corp.,* 126 Ohio Misc.2d 68, 802 N.E.2d 745, 750 (2003).

6

18. In *Campbell-Ewald Co v Gomez*, 577 US 153 (2016), the Supreme Court of the United States held that text messages constitute telephone calls for purposes of the requirements imposed by the TCPA. See also *Satterfield v Simon & Schuster, Inc*, 569 F3d 946, 952 (CA 9, 2009) (the Federal Communications Commission has determined that a text message falls within the meaning of "to make any call" in the TCPA); *Toney v Quality Res, Inc*, 75 F Supp 3d 727, 734 (ND Ill, 2014) (holding that the defendant bears the burden of showing that it obtained the plaintiff's prior express consent before sending text messages).

19. Defendant's text messages, phone calls, and voicemails which Defendant made to Plaintiff's cellular telephone number were intrusive, disruptive, and annoying to Plaintiff.

20. Pursuant to 47 C.F.R. § 64.1200(d), Defendant is required to institute procedures for maintaining a list of persons who request not to receive telemarketing calls since Defendant is engaged in telemarketing calls to residential telephone subscribers. 47 C.F.R. § 64.1200(d)(1) requires Defendant to maintain a written policy, available upon demand, for maintaining a do-not-call list.

21. On April 2, 2024, Plaintiff sent to Defendant via electronic mail at <support@subto.com> a letter to demand the written 47 U.S.C. § 772(c) compliance policy. As of the date the instant Complaint will be filed with the Clerk for processing—May 2, 2024—, Defendant has not provided to Plaintiff the requested "written policy of NRE 1, LLC (d/b/a SubTo), for maintaining a do-not-call list with respect to telephone communications between the agents and/or employees of NRE 1, LLC, and third-parties." As such, Defendant violated 47 C.F.R. § 64.1200(d)(1) by not providing to Plaintiff the written policy which is statutorily required to be "available upon demand."

7

22. Each and every time Defendant contacted (586) 713-8395 by making telephone calls, leaving voicemails, and/or sending text messages, Defendant did so willfully and knowingly with the intended goal of inducing the user of the telephone number of (586) 713-8395 to receive said contacts.

23. At all relevant times of the instant controversy, the voicemail greeting for the telephone number of (586) 713-8395 is "Hi, this is Attorney Kyle Bristow. Please leave a message." In the text messages and voicemails Defendant sent to and left for, respectively, Plaintiff, Defendant appears to be trying to contact someone by the name of "Daniel." Had Defendant's recklessly annoying telemarketers bothered to listen to the voicemail greeting, common sense dictates that they should have realized that they were contacting the wrong individual and that they probably should not contact the telephone number of (586) 713-8395 in the future.

24. The purpose behind Defendant's employees or agents contacting (586) 713-8395 is that Defendant, by and through its employees or agents, desired to sell a good or service to the user of said telephone number.

25. Upon information and belief, Defendant, by and through its agents and employees, did not review the subscribers of the National Do Not Call Registry each and every time contacts were made to (586) 713-8395.

26. Due directly and proximately to Defendant's conduct as described herein, Plaintiff has suffered damages cognizable by statutory law and Plaintiff is entitled to an award of statutory damages.

27. Attached as Exhibit A is the April 2, 2024, email and letter which Plaintiff sent to Defendant.

8

## V. CAUSE OF ACTION

### COUNT I
### WILLFUL STATUTORY VIOLATIONS OF THE
### FEDERAL TELEPHONE CONSUMER PROTECTION ACT

28. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

29. Defendant willfully and/or knowingly made twenty-four contacts to Plaintiff's cellular telephone number for a commercial purpose despite said cellular telephone number being registered with the National Do Not Call Registry, Plaintiff not having an established business relationship with Defendant, Defendant not being exempt from the TCPA, and Plaintiff never providing Defendant with express prior written consent for Defendant to contact Plaintiff's telephone number for a commercial purpose. See *Charvat v Ryan*, 116 Ohio St.3d 394, 2007-Ohio-6833 (2007)[3] ("We hold that to establish a knowing or willful violation under the TCPA for the award of treble damages, * * *, a plaintiff need not prove that the defendant knew that the conduct violated the law but only that the defendant knew the underlying facts of the conduct."). In the instant controversy, Defendant, by and through its agents or employees, knew that it was repeatedly and intentionally calling, texting, and leaving voicemails for (586) 713-8395.

30. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. § 64.1200(c)(2), and 47 U.S.C. § 227(c)(5) for disregarding the National Do Not Call Registry insofar as within a twelve-month period of time Defendant willfully and/or knowingly made twenty-four contacts of a commercial nature to Plaintiff's cellular telephone despite said cellular phone number being registered with the National Do Not Call Registry.

---

[3] Accessible online at <https://casetext.com/case/charvat-v-ryan-2006-1647-12-27-2007>.

31. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 64.1200(d)(1) and 47 U.S.C. § 227(c)(5) insofar as Defendant willfully and/or knowingly did not maintain and/or have available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA.

32. 47 U.S.C. § 227(c)(5) provides that Plaintiff is entitled to statutory damages of up to one thousand five hundred dollars ($1,500.00) for each of Defendant's twenty-four willful and/or knowing unauthorized telephone contacts Defendant made to Plaintiff's cellular telephone in violation of the National Do Not Call Registry and for Defendant willfully and/or knowingly not maintaining and/or having available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA, which comes to the sum total of up to thirty-seven thousand five hundred dollars ($37,500.00).

33. Defendant willfully and/or knowingly committed actions which violated the TCPA twenty-five times and Defendant is liable to Plaintiff for the same.

WHEREFORE, Plaintiff prays that this Honorable Court will (1) enter judgment in Plaintiff's favor against Defendant in the amount of up to thirty-seven thousand five hundred dollars ($37,500.00), (2) award Plaintiff litigation-related costs Plaintiff incurs to bring forth and litigate the instant controversy, (3) award Plaintiff statutory interest on any money judgment issued by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT II
### STRICT LIABILITY STATUTORY VIOLATIONS OF THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT (IN THE ALTERNATIVE TO COUNT I)

34. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

10

35. Defendant made twenty-four contacts to Plaintiff's cellular telephone number for a commercial purpose despite said cellular telephone number being registered with the National Do Not Call Registry, Plaintiff not having an established business relationship with Defendant, Defendant not being exempt from the TCPA, and Plaintiff never providing Defendant with express prior written consent for Defendant to contact Plaintiff's telephone number for a commercial purpose.

36. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. § 64.1200(c)(2), and 47 U.S.C. § 227(c)(5) for violating the National Do Not Call Registry insofar as within a twelve-month period of time Defendant made twenty-four contacts of a commercial nature to Plaintiff's cellular telephone despite said cellular phone number being registered with the National Do Not Call Registry.

37. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 64.1200(d)(1) and 47 U.S.C. § 227(c)(5) insofar as Defendant did not maintain and/or have available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA at all times relevant to the instant controversy.

38. 47 U.S.C. § 227(c)(5)(B) provides that Plaintiff is entitled to statutory damages of up to five hundred dollars ($500.00) for each of Defendant's twenty-four unauthorized telephone unauthorized telephone contacts Defendant made to Plaintiff's cellular telephone in violation of the National Do Not Call Registry and for Defendant not maintaining and/or having available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA, which comes to the sum total of up to twelve thousand five hundred dollars ($12,500.00).

11

39. Defendant violated the TCPA twenty-five times and is strictly liable to Plaintiff for the same.

WHEREFORE, Plaintiff prays that this Honorable Court will (1) enter judgment in Plaintiff's favor against Defendant in the amount of up to twelve thousand five hundred dollars ($12,500.00), (2) award Plaintiff litigation-related costs Plaintiff incurs to bring forth and litigate the instant controversy, (3) award Plaintiff statutory interest on any money judgment issued by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT III
## VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

40. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

41. Michigan has adopted the National Do Not Call Registry as its own do-not-call list. See MCL 445.111(i). MCL 445.111a(5) says:

> Notwithstanding any other provision of this section, if an agency of the federal government establishes a federal do-not-call list, within 120 days after the establishment of the federal do-not-call list, the commission shall designate the federal list as the state do-not-call list. The federal list shall remain the state do-not-call list as long as the federal list is maintained. A telephone solicitor shall not make a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then-current version of the federal list.

42. MCL 445.111c(1)(f) provides that "It is an unfair or deceptive act or practice and a violation of this act for a telephone solicitor to do any of the following:  * * * (f) Fail to comply with the requirements of section 1a [(MCL 445.111a)]."

43. Defendant's agents and/or employees who contacted Plaintiff's cellular telephone number are "telephone solicitors" as this term is defined by MCL 445.111(n).

12

44. Plaintiff is a "residential telephone subscriber" or "subscriber" as these terms are defined by MCL 445.111(l).

45. Defendant, by and through its agents or employees, violated MCL 445.111a(5) each and every time they called, sent text messages to, and/or left voicemails for (586) 713-8395, which amounts to twenty-four separate violations.

46. As a direct and proximate result of Defendant violating MCL 445.111a(5) twenty-four times, Plaintiff is entitled to recover actual damages or $250.00 per violation—whichever is greater—together with reasonable attorney fees[4] Plaintiff incurs to litigate the instant controversy. See MCL 445.111c(3).

WHEREFORE, Plaintiff prays that this Honorable Court will (1) enter judgment in Plaintiff's favor against Defendant in the amount of six thousand dollars ($6,000.00), (2) award Plaintiff litigation-related costs and reasonable attorney fees Plaintiff incurs to bring forth and litigate the instant controversy, (3) award Plaintiff statutory interest on any money judgment issued by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT IV
## VIOLATIONS OF THE MICHIGAN TELEPHONE COMPANIES AS COMMON CARRIERS ACT

47. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

---

[4] Plaintiff is not entitled to an award of attorney fees so long as Plaintiff continues to represent himself in propria persona. See *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423, 432 (2007) ("[A] person who represents himself or herself cannot recover actual attorney fees even if the pro se individual is a licensed attorney."). However, should Plaintiff retain an attorney to represent Plaintiff for the instant civil action, Plaintiff would be entitled to an award of attorney fees when Plaintiff eventually prevails.

48. Defendant is a "caller" as this term is defined by MCL 484.125(1)(a).

49. Plaintiff is a "subscriber" as this term is defined by MCL 484.125(1)(d).

50. Defendant, by and through Defendant's agents and/or employees, violated MCL 484.125(2)(a) by sending fifteen recorded messages—ten text messages and five voicemails—for a commercial purpose to Plaintiff's cellular telephone number.

51. Pursuant to MCL 484.125(5), Plaintiff is entitled to $1,000.00 for each of the fifteen recorded messages, together with reasonable attorney fees Plaintiff incurs to litigate the instant controversy.

WHEREFORE, Plaintiff prays that this Honorable Court will (1) enter judgment in Plaintiff's favor against Defendant in the amount of fifteen thousand dollars ($15,000.00), (2) award Plaintiff litigation-related costs and reasonable attorney fees Plaintiff incurs to bring forth and litigate the instant controversy, (3) award Plaintiff statutory interest on any money judgment issued by the Court pursuant to MCL 600.6013; and (4) award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT V
### INJUNCTIVE RELIEF
### (MCR 3.310)

52. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

53. Plaintiff has a likelihood of success on the merits of the claims raised within this Complaint.

54. Plaintiff will suffer irreparable injury if Plaintiff is not awarded injunctive relief.

55. The harm Plaintiff will suffer should an injunction not be granted in Plaintiff's favor outweighs the harm that Defendant will suffer if an injunction is granted.

14

56. Injunctive relief is in the public interest.

57. Justice requires that the Court grant Plaintiff injunctive relief.

58. 47 U.S.C. § 227(c)(5)(A) provides that Plaintiff can seek injunctive relief to enjoin Defendant from violating the TCPA.

59. This Court should issue an injunction which orders that Defendant is to cease calling, sending text messages to, and/or leaving voicemails for the telephone number of (586) 713-8395.

60. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief pursuant to MCR 3.310. See also *State Employees Ass'n v Department of Mental Health*, 421 Mich 152; 365 NW2d 93 (1984); *Davies v Department of Treas*, 199 Mich App 437; 502 NW2d 693 (1992); 47 U.S.C. § 227(c)(5)(A).

WHEREFORE, Plaintiff prays that this Honorable Court will grant Plaintiff temporary, preliminary, and permanent injunctive relief by ordering that Defendant is to cease calling, sending text messages to, and/or leaving voicemails for the telephone number of (586) 713-8395.

Respectfully submitted,

**BRISTOW LAW, PLLC**

Kyle F. Bristow (P77200)
P.O. Box 453
St. Clair, MI 48079
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
*Pro se Plaintiff*

Dated: May 2, 2024

15

# EXHIBIT A
## April 2, 2024, Email and Letter

**BristowLaw@gmail.com**

| From: | bristowlaw@gmail.com |
|---|---|
| Sent: | Tuesday, April 2, 2024 10:24 AM |
| To: | support@subto.com |
| Subject: | Demand for Copy of Written Telemarketing Policy |
| Attachments: | 4.2.24 Letter.pdf |

Importance: High

NRE 1, LLC, Representative:

I respectfully request a copy of your written policy for maintaining a do-not-call list with respect to telephone communications between your agents and/or employees and third-parties.

It can be emailed to me at bristowlaw@gmail.com.

See the attached PDF.

Regards,
Kyle J. Bristow, Esq.



**Bristow Law, PLLC**
P.O. Box 453
St. Clair, MI 48079
(T): (248) 838-9934
(F): (586) 408-6384
(E): BristowLaw@gmail.com
www.KyleBristow.com

Admissions: Michigan Courts and Agencies (P77200), Ohio Courts and Agencies (#0089543), District of Columbia Courts and Agencies (#1754561), U.S. Supreme Court (#296690), D.D.C., N.D. Ohio, S.D. Ohio, E.D. Mich., W.D. Mich., 3rd Cir., 4th Cir., 5th Cir., 6th Cir., 9th Cir., 10th Cir., and Court of Appeals for the Armed Forces (#35818).

*This electronic mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential, and/or privileged information. Any unauthorized review, use, disclosure, or distribution is strictly prohibited, and interception of the same is a federal criminal offense per 18 U.S.C. § 2511.*

*IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, you are informed that any U.S. federal tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding tax-related penalties or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication.*

1

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.





# Bristow Law, PLLC

April 2, 2024

**Kyle J. Bristow, Esq.**
- **District of Columbia (#1754561)**
- **Michigan (P77200)**
- **Ohio (#89543)**
- **SCOTUS (#296690)**
- **CAAF (#35818)**
- **E.D. Mich.**
- **W.D. Mich.**
- **N.D. Ohio**
- **S.D. Ohio**
- **D.D.C.**
- **3rd Cir.**
- **4th Cir.**
- **5th Cir.**
- **6th Cir.**
- **9th Cir.**
- **10th Cir.**

**Bristow Law, PLLC**
**P.O. Box 453**
**St. Clair, MI 48079**

**(T): (248) 838-9934**
**(F): (586) 408-6384**
**BristowLaw@gmail.com**
**www.KyleBristow.com**









NRE 1, LLC
1050 W. Washington St.
Tempe, AZ 85288

*Sent via Electronic Mail (<support@subto.com>)*

### RE:   DEMAND FOR COPY OF WRITTEN TELEMARKETING POLICY

NRE 1, LLC, Representative:

I respectfully request a copy of the written policy of NRE 1, LLC (d/b/a SubTo), for maintaining a do-not-call list with respect to telephone communications between the agents and/or employees of NRE 1, LLC, and third-parties.

It can be emailed to me at <bristowlaw@gmail.com>.

Very sincerely,

**BRISTOW LAW, PLLC**

Kyle J. Bristow, Esq.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**