IN THE UNITED STATES STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---

KYLE J. BRISTOW,

     Plaintiff,

v

NRE 1, LLC,

     Defendant.

Case No. 2:24-cv-11398-GAD-APP

Hon. Gershwin A. Drain

Magistrate Judge Anthony P. Patti

---

Kyle J. Bristow (P77200)
BRISTOW LAW, PLLC
*Pro se*
P.O. Box 453
St. Clair, MI 48079
(248) 838-9934
bristowlaw@gmail.com

David R. Russell (P68568)
Brandon M. H. Schumacher (P82930)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendant
313 S. Washington Square
Lansing, MI 48933
(517) 371-8150
drussell@fosterswift.com
bschumacher@fosterswift.com

---

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## <u>ANSWER</u>

Defendant NRE 1, LLC answers Plaintiff Kyle Bristow's Complaint as follows:

## I. INTRODUCTION

1. Plaintiff is suing Defendant for violating the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Michigan's Home Solicitation Sales Act, MCL 445.111, *et al*, and Michigan's Telephone Companies as Common Carriers Act, MCL 484.125, for contacting Plaintiff's cellular telephone number for a commercial purpose a total of twenty-four times (nine telephone calls, ten text messages, and five voicemails) despite Plaintiff's cellular telephone number continuously being registered with the National Do Not Call Registry since November 10, 2005, and Plaintiff never providing Defendant with prior express written consent to contact Plaintiff's cellular telephone number for a commercial purpose. Furthermore, when Plaintiff made demand—pursuant to 47 C.F.R. § 64.1200(d)(1)—for a copy of Defendant's written policy of maintaining a do-not-call list, Defendant failed to produce the same.

**<u>ANSWER</u>: The allegations contained in paragraph 1 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant admits the allegations contained in paragraph 1 of the Complaint to the extent they**

1

summarize the allegations of the Complaint and Plaintiff's requested relief. As to remaining allegations contained in paragraph 1 of the Complaint, Defendant neither admits nor denies them having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

## II.  PARTIES

2.  Plaintiff is an adult natural person who resides in St. Clair County, State of Michigan.

**ANSWER**: **Defendant neither admits nor denies the allegations contained in paragraph 2 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

3.  Defendant is a for-profit limited liability company based in City of Tempe, Miami-Dade County, Maricopa County, State of Arizona, which maintains its principal office at the address commonly known as 1050 W. Washington St., Ste. 133, Tempe, AZ 85288.  According to the Arizona Corporation Commission, the registered agent of Defendant is Osborn Maledon, P.A., at the address commonly known as 2929 N. Central Ave., Ste. 2100, Phoenix, AZ 85012, and the manager of Defendant is Josiah Grimes at the address commonly known as 350 W. Washington St., Ste. 201, Tempe, AZ 85281.

**ANSWER: The allegations contained in paragraph 3 of the Complaint are denied as untrue.**

### III.  JURISDICTION AND VENUE

4.  This Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves a dispute of over twenty-five thousand dollars ($25,000.00).  See Const 1963, art VI, § 13; MCL 600.605; MCL 600.8301(1); *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016).

**ANSWER: The allegations contained in paragraph 4 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 4 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

5.  This Court enjoys limited personal jurisdiction over Defendant, because Defendant did and caused an act to be done in the State of Michigan resulting in the actions for tort alleged herein, and Defendant transacted business within the State of Michigan in the form of sending telecommunications of a commercial purpose to Plaintiff's cellular telephone number which give rise to Plaintiff's instant tort claims. See MCL 600.705(1) and (2); MCL 600.715(1) and (2); *Oberlies v Searchmont Resort, Inc.*, 246 Mich App 424, 437; 633 NW2d 408 (2001) ("[I]n order for a

foreign defendant to be compelled to defend a suit brought in Michigan where the defendant's contacts with Michigan are limited solely to advertising aimed at Michigan residents, the defendant's instate advertising activities must, in a natural and continuous sequence, have caused the alleged injuries forming the basis of the plaintiff's cause of action.").

**ANSWER: The allegations contained in paragraph 5 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

6.   The area code of "586" is associated with Southeast Michigan.  See "Area code 586" <https://en.wikipedia.org/wiki/Area_code_586>.  Accessed 2 April 2024. Courts have found the location of the area code of the called telephone number to be dispositive as to whether or not the caller intended to purposefully avail itself of the privilege of conducting business in the called party's state.  See *Abramson v Agentra, LLC*, Case No. 18-615 (WD Pa December 18, 2018)[1]; *Abramson v CWS Apartment*

---

[1] Accessible online at <https://casetext.com/case/abramson-v-agentra-llc>.

*Homes, LLC*, Case No. 16-426 (WD Pa October 24, 2016)[2] ("District courts across the country have found purposeful direction based on allegations a defendant sent its telemarketing call to a number bearing the state's area code. * * * We likewise find purposeful direction based on [the plaintiff's] averment [the defendant] sent the text message to his cell phone bearing a Pennsylvania area code.") (Internal citations omitted).

**ANSWER: The allegations contained in paragraph 6 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 6 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

7. Venue is proper with this Court for the instant civil action because Plaintiff's instant tort claims against Defendant seek damages for personal injury, Plaintiff resides in St. Clair County, State of Michigan, and one or more of Plaintiff's injuries occurred in St. Clair County, State of Michigan.   See MCL 600.1627; MCL 600.1629(1)(b).

---

[2] Accessible online at <https://casetext.com/case/abramson-v-cws-apartment-homes-llc>

**ANSWER**: **The allegations contained in paragraph 7 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 7 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

## IV. STATEMENT OF FACTS

8. Plaintiff's cellular telephone number is used for residential purposes and is contacted by calling, texting, or leaving a voicemail after contacting the number of (586) 713-8395.  Said cellular telephone number has been continuously registered with the National Do Not Call Registry since November 10, 2005, because Plaintiff does not wish to be bothered with unsolicited telephone calls, text messages, or voicemails of a commercial nature.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 8 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

9. According to Defendant's website, <https://www.subto.com/>, Defendant offers its paying customers with financing strategies which are useful for real estate investors.

6

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 9 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

10. Plaintiff is not a real estate investor and has no interest in the services offered by Defendant.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 10 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

11. Plaintiff has not provided Defendant with prior express written consent to contact Plaintiff's cellular telephone number by calling it, sending text messages to it, or leaving voicemails for a commercial purpose.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 11 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

12. Pursuant to 47 C.F.R. § 64.1200(f)(9), "prior express written consent" means "an agreement, in writing, bearing the signature **of the person called** that clearly authorizes the seller to deliver or cause to be delivered to the person * * *

telemarketing messages[.]" (Emphasis added.) Consent is not transferrable; only the person called can provide consent for calls made to that person to be compliant with the TCPA. See *Baisden v Credit Adjustments, Inc*, 813 F3d 338, 339 (CA 6, 2016); *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 565 n 38 (2007).

**ANSWER: The allegations contained in paragraph 12 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 12 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

13. In *Osorio v State Farm Bank*, 746 F3d 1242 (CA 11, 2014), the United States Court of Appeals for the Eleventh Circuit held that only the current user of a telephone number has authority to provide prior express written consent for telephone calls to be made to their telephone by a telemarketer. Defendant has no such prior express written consent from Plaintiff for purposes of the numerous telephone text messages, telephone calls, or voicemails complained of within this Complaint.

**ANSWER: The allegations contained in paragraph 13 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any**

8

**response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 13 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

14. Plaintiff has no prior or current business relationship with Defendant.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 14 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

15. On the following dates and times someone who has identified himself as "Daniel" and who called on behalf of "Pace Morby's team at SubTo" contacted Plaintiff's cellular telephone number in the following ways for a commercial purpose by using the telephone number of (602) 932-7749:

   a. December 15, 2023, at 3:10 p.m. (Phone Call)

   b. December 15, 2023, at 3:10 p.m. (Voicemail)

   c. December 15, 2023, at 3:11 p.m. (Text Message)

   d. December 19, 2023, at 12:29 p.m. (Phone Call)

   e. December 22, 2023, at 12:08 p.m. (Phone Call)

   f. March 22, 2024 at 9:51 a.m. (Phone Call)

   g. March 22, 2024, at 9:52 a.m. (Text Message)

h. March 22, 2024, at 9:52 a.m. (Voicemail)

i. April 9, 2024, at 3:56 p.m. (Phone Call)

j. April 9, 2024, at 3:56 p.m. (Voicemail)

k. April 9, 2024, at 3:56 p.m. (Text Message)

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 15 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

16. On the following dates and times someone who has identified himself as "Nick" or "Nicholas" and who called on behalf of "Pace Morby's team at SubTo" contacted Plaintiff's cellular telephone number in the following ways for a commercial purpose by using the telephone number of (602) 975-4746:

1. December 1, 2023, at 12:50 p.m. (Phone Call)

2. December 1, 2023, at 12:50 p.m. (Voicemail)

3. December 1, 2023, at 12:50 p.m. (Text Message)

4. December 4, 2023 at 2:05 p.m. (Phone Call)

5. December 4, 2023, at 2:06 p.m. (Text Message)

6. December 4, 2023, at 2:06 p.m. (Voicemail)

7. December 7, 2023, at 12:12 p.m. (Phone Call)

8. December 7, 2023, at 12:13 p.m. (Text Message)

9.  December 12, 2023, at 5:42 p.m. (Phone Call)

10. December 12, 2023, at 5:42 p.m. (Text Message)

11. February 9, 2024, at 12:44 p.m. (Text Message)

12. February 20, 2024, at 3:27 p.m. (Text Message)

13. April 3, 2024, at 10:52 a.m. (Text Message)

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 16 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

17. At no time did Plaintiff ever respond to Defendant's employees' or agents' text messages, telephone calls, or voicemails which Defendant's employees or agents made to Plaintiff's cellular telephone number, and yet Defendant's employees or agents nevertheless saw fit to continue contacting Plaintiff's cellular telephone number.   Courts have, however, repeatedly held that plaintiffs owe no duty of mitigation of damages to telemarketers.  See *Powell v West Asset Management, Inc*, 773 F Supp 2d 761 (ND Ill, 2011):

> In addition, courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty. *See Holtzman v. Turza,* No. 08 C 2014, 2010 WL 3076258, at *5 (N.D.Ill. Oct. 29, 2010); *Fillichio v. M.R.S Associates, Inc.,* No. 09-612629-CIV, 2010 WL 4261442, at *5 (S.D.Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye,* 114 Ohio St. 3d 76, 868 N.E.2d 270, 275 (2007); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 347 (Tex.Ct.App.2004); *Onsite Computer Consulting*

*Svs., Inc. v. Dartek Computer Supply Corp.,* No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo.Cir. May 17, 2006); *Jemiola v. XYZ Corp.,* 126 Ohio Misc.2d 68, 802 N.E.2d 745, 750 (2003).

**ANSWER:** **The allegations contained in paragraph 17 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

18. In *Campbell-Ewald Co v Gomez*, 577 US 153 (2016), the Supreme Court of the United States held that text messages constitute telephone calls for purposes of the requirements imposed by the TCPA. See also *Satterfield v Simon & Schuster, Inc*, 569 F3d 946, 952 (CA 9, 2009) (the Federal Communications Commission has determined that a text message falls within the meaning of "to make any call" in the TCPA); *Toney v Quality Res, Inc*, 75 F Supp 3d 727, 734 (ND Ill, 2014) (holding that the defendant bears the burden of showing that it obtained the plaintiff's prior express consent before sending text messages).

**ANSWER:** **The allegations contained in paragraph 18 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 18 of the Complaint having insufficient**

information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

19. Defendant's text messages, phone calls, and voicemails which Defendant made to Plaintiff's cellular telephone number were intrusive, disruptive, and annoying to Plaintiff.

**ANSWER:** **Defendant neither admits nor denies the allegations contained in paragraph 19 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

20. Pursuant to 47 C.F.R. § 64.1200(d), Defendant is required to institute procedures for maintaining a list of persons who request not to receive telemarketing calls since Defendant is engaged in telemarketing calls to residential telephone subscribers. 47 C.F.R. § 64.1200(d)(1) requires Defendant to maintain a written policy, available upon demand, for maintaining a do-not-call list.

**ANSWER:** **The allegations contained in paragraph 20 recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 20 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

21. On April 2, 2024, Plaintiff sent to Defendant via electronic mail at <support@subto.com> a letter to demand the written 47 U.S.C. § 772(c) compliance policy.  As of the date the instant Complaint will be filed with the Clerk for processing—May 31, 2024—, Defendant has not provided to Plaintiff the requested "written policy of NRE 1, LLC (d/b/a SubTo), for maintaining a do-not-call list with respect to telephone communications between the agents and/or employees of NRE 1, LLC, and third-parties."  As such, Defendant violated 47 C.F.R. § 64.1200(d)(1) by not providing to Plaintiff the written policy which is statutorily required to be "available upon demand."

**ANSWER: The best evidence of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendant does not accept and reserves the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendant neither admits nor denies the allegations contained in paragraph 21 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

22. Each and every time Defendant contacted (586) 713-8395 by making telephone calls, leaving voicemails, and/or sending text messages, Defendant did so willfully and knowingly with the intended goal of inducing the user of the telephone number of (586) 713-8395 to receive said contacts.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 22 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

23. At all relevant times of the instant controversy, the voicemail greeting for the telephone number of (586) 713-8395 is "Hi, this is Attorney Kyle Bristow.  Please leave a message."  In the text messages and voicemails Defendant sent to and left for, respectively, Plaintiff, Defendant appears to be trying to contact someone by the name of "Daniel."  Had Defendant's recklessly annoying telemarketers bothered to listen to the voicemail greeting, common sense dictates that they should have realized that they were contacting the wrong individual and that they probably should not contact the telephone number of (586) 713-8395 in the future.

**ANSWER: Defendant neither admits nor denies the allegations contained in paragraph 23 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

24. The purpose behind Defendant's employees or agents contacting (586) 713-8395 is that Defendant, by and through its employees or agents, desired to sell a good or service to the user of said telephone number.

**ANSWER**: **Defendant neither admits nor denies the allegations contained in paragraph 24 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

25. Upon information and belief, Defendant, by and through its agents and employees, did not review the subscribers of the National Do Not Call Registry each and every time contacts were made to (586) 713-8395.

**ANSWER**: **Defendant neither admits nor denies the allegations contained in paragraph 25 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

26. Due directly and proximately to Defendant's conduct as described herein, Plaintiff has suffered damages cognizable by statutory law and Plaintiff is entitled to an award of statutory damages.

**ANSWER**: **The allegations contained in paragraph 26 of the Complaint are denied as untrue.**

27. Attached as Exhibit A is the April 2, 2024, email and letter which Plaintiff sent to Defendant.

**ANSWER**: **The best evidence of the documents referenced in this paragraph of the Complaint are the documents themselves. Defendant does not**

accept and reserves the right to challenge any interpretation of the meaning of the documents by Plaintiff. In further response, Defendant neither admits nor denies the allegations contained in paragraph 27 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

## V.  CAUSE OF ACTION

### COUNT I
### WILLFUL STATUTORY VIOLATIONS OF THE
### FEDERAL TELEPHONE CONSUMER PROTECTION ACT

28. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

**ANSWER:  Defendant reasserts its answers to the preceding paragraphs of the Complaint as if fully set forth herein.**

29. Defendant willfully and/or knowingly made twenty-four contacts to Plaintiff's cellular telephone number for a commercial purpose despite said cellular telephone number being registered with the National Do Not Call Registry, Plaintiff not having an established business relationship with Defendant, Defendant not being exempt from the TCPA, and Plaintiff never providing Defendant with express prior written consent for Defendant to contact Plaintiff's telephone number for a commercial purpose.  See *Charvat v Ryan*, 116 Ohio St.3d 394, 2007-Ohio-6833

(2007)[3] ("We hold that to establish a knowing or willful violation under the TCPA for the award of treble damages, * * *, a plaintiff need not prove that the defendant knew that the conduct violated the law but only that the defendant knew the underlying facts of the conduct."). In the instant controversy, Defendant, by and through its agents or employees, knew that it was repeatedly and intentionally calling, texting, and leaving voicemails for (586) 713-8395.

**ANSWER:  The allegations contained in paragraph 29 of the Complaint are denied as untrue.**

30. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. § 64.1200(c)(2), and 47 U.S.C. § 227(c)(5) for disregarding the National Do Not Call Registry insofar as within a twelve-month period of time Defendant willfully and/or knowingly made twenty-four contacts of a commercial nature to Plaintiff's cellular telephone despite said cellular phone number being registered with the National Do Not Call Registry.

**ANSWER:  The allegations contained in paragraph 30 of the Complaint are denied as untrue.**

31. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 64.1200(d)(1) and 47 U.S.C. § 227(c)(5) insofar as Defendant willfully and/or knowingly did not maintain

---

[3] Accessible online at <https://casetext.com/case/charvat-v-ryan-2006-1647-12-27-2007>.

and/or have available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA.

**ANSWER: The allegations contained in paragraph 31 of the Complaint are denied as untrue.**

32.47 U.S.C. § 227(c)(5) provides that Plaintiff is entitled to statutory damages of up to one thousand five hundred dollars ($1,500.00) for each of Defendant's twenty-four willful and/or knowing unauthorized telephone contacts Defendant made to Plaintiff's cellular telephone in violation of the National Do Not Call Registry and for Defendant willfully and/or knowingly not maintaining and/or having available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA, which comes to the sum total of up to thirty-seven thousand five hundred dollars ($37,500.00).

**ANSWER: The allegations contained in paragraph 32 of the Complaint are denied as untrue.**

33.Defendant willfully and/or knowingly committed actions which violated the TCPA twenty-five times and Defendant is liable to Plaintiff for the same.

**ANSWER: The allegations contained in paragraph 33 of the Complaint are denied as untrue.**

**WHEREFORE, Defendant respectfully requests the Court enter a judgment of no cause of action in its favor and against Plaintiff, award**

Defendant its costs and attorney fees for having to defend this action, and grant

Defendant any other relief this Court deems just and proper.

**COUNT II**
**STRICT LIABILITY STATUTORY VIOLATIONS OF THE**
**FEDERAL TELEPHONE CONSUMER PROTECTION ACT**
**(IN THE ALTERNATIVE TO COUNT I)**

34. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

**ANSWER:  Defendant reasserts its answers to the preceding paragraphs of the Complaint as if fully set forth herein.**

35. Defendant made twenty-four contacts to Plaintiff's cellular telephone number for a commercial purpose despite said cellular telephone number being registered with the National Do Not Call Registry, Plaintiff not having an established business relationship with Defendant, Defendant not being exempt from the TCPA, and Plaintiff never providing Defendant with express prior written consent for Defendant to contact Plaintiff's telephone number for a commercial purpose.

**ANSWER:  The allegations contained in paragraph 35 of the Complaint are denied as untrue.**

36. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 227(c)(3)(F), 47 C.F.R. § 64.1200(c)(2), and 47 U.S.C. § 227(c)(5) for violating the National Do Not Call Registry insofar as within a twelve-month period of time Defendant made twenty-

four contacts of a commercial nature to Plaintiff's cellular telephone despite said cellular phone number being registered with the National Do Not Call Registry.

**ANSWER:  The allegations contained in paragraph 36 of the Complaint are denied as untrue.**

37. Defendant is liable to Plaintiff pursuant to 47 U.S.C. § 64.1200(d)(1) and 47 U.S.C. § 227(c)(5) insofar as Defendant did not maintain and/or have available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA at all times relevant to the instant controversy.

**ANSWER:  The allegations contained in paragraph 37 of the Complaint are denied as untrue.**

38. 47 U.S.C. § 227(c)(5)(B) provides that Plaintiff is entitled to statutory damages of up to five hundred dollars ($500.00) for each of Defendant's twenty-four unauthorized telephone unauthorized telephone contacts Defendant made to Plaintiff's cellular telephone in violation of the National Do Not Call Registry and for Defendant not maintaining and/or having available on demand a written policy for maintaining a do-not-call list and otherwise ensuring compliance with the TCPA, which comes to the sum total of up to twelve thousand five hundred dollars ($12,500.00).

**ANSWER:  The allegations contained in paragraph 38 of the Complaint are denied as untrue.**

39. Defendant violated the TCPA twenty-five times and is strictly liable to Plaintiff for the same.

**ANSWER:  The allegations contained in paragraph 39 of the Complaint are denied as untrue.**

**WHEREFORE, Defendant respectfully requests the Court enter a judgment of no cause of action in its favor and against Plaintiff, award Defendant its costs and attorney fees for having to defend this action, and grant Defendant any other relief this Court deems just and proper.**

## COUNT III
## VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

40. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

**ANSWER:  Defendant reasserts its answers to the preceding paragraphs of the Complaint as if fully set forth herein.**

41. Michigan has adopted the National Do Not Call Registry as its own do-not-call list.  See MCL 445.111(i).  MCL 445.111a(5) says:

> Notwithstanding any other provision of this section, if an agency of the federal government establishes a federal do-not-call list, within 120 days after the establishment of the federal do-not-call list, the commission shall designate the federal list as the state do-not-call list. The federal list shall remain the state do-not-call list as long as the federal list is maintained.  A telephone solicitor shall not make a telephone solicitation to a residential telephone subscriber whose name and residential telephone number is on the then-current version of the federal list.

22

**ANSWER**: The allegations contained in paragraph 41 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

42. MCL 445.111c(1)(f) provides that "It is an unfair or deceptive act or practice and a violation of this act for a telephone solicitor to do any of the following: * * * (f) Fail to comply with the requirements of section 1a [(MCL 445.111a)]."

**ANSWER**: The allegations contained in paragraph 42 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 42 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

43. Defendant's agents and/or employees who contacted Plaintiff's cellular telephone number are "telephone solicitors" as this term is defined by MCL 445.111(n).

**ANSWER**: The allegations contained in paragraph 43 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is

**required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 43 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

44. Plaintiff is a "residential telephone subscriber" or "subscriber" as these terms are defined by MCL 445.111(l).

**ANSWER: The allegations contained in paragraph 44 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 44 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

45. Defendant, by and through its agents or employees, violated MCL 445.111a(5) each and every time they called, sent text messages to, and/or left voicemails for (586) 713-8395, which amounts to twenty-four separate violations.

**ANSWER: The allegations contained in paragraph 45 of the Complaint are denied as untrue.**

46. As a direct and proximate result of Defendant violating MCL 445.111a(5) twenty-four times, Plaintiff is entitled to recover actual damages or $250.00 per

violation—whichever is greater—together with reasonable attorney fees[4] Plaintiff

incurs to litigate the instant controversy.  See MCL 445.111c(3).

**ANSWER:  The allegations contained in paragraph 46 of the Complaint are denied as untrue.**

**WHEREFORE, Defendant respectfully requests the Court enter a judgment of no cause of action in its favor and against Plaintiff, award Defendant its costs and attorney fees for having to defend this action, and grant Defendant any other relief this Court deems just and proper.**

### COUNT IV
### VIOLATIONS OF THE MICHIGAN TELEPHONE COMPANIES AS COMMON CARRIERS ACT

47. The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

**ANSWER:  Defendant reasserts its answers to the preceding paragraphs of the Complaint as if fully set forth herein.**

48. Defendant is a "caller" as this term is defined by MCL 484.125(1)(a).

---

[4] Plaintiff is not entitled to an award of attorney fees so long as Plaintiff continues to represent himself in propria persona.  See *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423, 432 (2007) ("[A] person who represents himself or herself cannot recover actual attorney fees even if the pro se individual is a licensed attorney.").  However, should Plaintiff retain an attorney to represent Plaintiff for the instant civil action, Plaintiff would be entitled to an award of attorney fees when Plaintiff eventually prevails.

**ANSWER:** **The allegations contained in paragraph 48 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 48 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

49. Plaintiff is a "subscriber" as this term is defined by MCL 484.125(1)(d).

**ANSWER:** **The allegations contained in paragraph 49 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 49 of the Complaint having insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.**

50. Defendant, by and through Defendant's agents and/or employees, violated MCL 484.125(2)(a) by sending fifteen recorded messages—ten text messages and five voicemails—for a commercial purpose to Plaintiff's cellular telephone number.

**ANSWER:** **The allegations contained in paragraph 50 of the Complaint are denied as untrue.**

51.Pursuant to MCL 484.125(5), Plaintiff is entitled to $1,000.00 for each of the fifteen recorded messages, together with reasonable attorney fees Plaintiff incurs to litigate the instant controversy.

**ANSWER:  The allegations contained in paragraph 51 of the Complaint are denied as untrue.**

**WHEREFORE, Defendant respectfully requests the Court enter a judgment of no cause of action in its favor and against Plaintiff, award Defendant its costs and attorney fees for having to defend this action, and grant Defendant any other relief this Court deems just and proper.**

### COUNT V
### INJUNCTIVE RELIEF
### (MCR 3.310)

52.The foregoing paragraphs of this Complaint are incorporated by referenced as if each is fully set forth herein.

**ANSWER:  Defendant reasserts its answers to the preceding paragraphs of the Complaint as if fully set forth herein.**

53.Plaintiff has a likelihood of success on the merits of the claims raised within this Complaint.

**ANSWER:  The allegations contained in paragraph 53 of the Complaint are denied as untrue.**

54. Plaintiff will suffer irreparable injury if Plaintiff is not awarded injunctive relief.

**ANSWER:  The allegations contained in paragraph 54 of the Complaint are denied as untrue.**

55. The harm Plaintiff will suffer should an injunction not be granted in Plaintiff's favor outweighs the harm that Defendant will suffer if an injunction is granted.

**ANSWER:  The allegations contained in paragraph 55 of the Complaint are denied as untrue.**

56. Injunctive relief is in the public interest.

**ANSWER:  The allegations contained in paragraph 56 of the Complaint are denied as untrue.**

57. Justice requires that the Court grant Plaintiff injunctive relief.

**ANSWER:  The allegations contained in paragraph 57 of the Complaint are denied as untrue.**

58. 47 U.S.C. § 227(c)(5)(A) provides that Plaintiff can seek injunctive relief to enjoin Defendant from violating the TCPA.

**ANSWER:  The allegations contained in paragraph 58 of the Complaint recite conclusions of law, not statements of fact. Accordingly, no response is required. If any response is or may be required, Defendant neither admits nor denies the allegations contained in paragraph 58 of the Complaint having**

insufficient information or knowledge to form a belief as to the truth or falsity of the allegations and, therefore, leaves Plaintiff to his proofs.

59. This Court should issue an injunction which orders that Defendant is to cease calling, sending text messages to, and/or leaving voicemails for the telephone number of (586) 713-8395.

**ANSWER:  The allegations contained in paragraph 59 of the Complaint are denied as untrue.**

60. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief pursuant to MCR 3.310.  See also *State Employees Ass'n v Department of Mental Health*, 421 Mich 152; 365 NW2d 93 (1984); *Davies v Department of Treas*, 199 Mich App 437; 502 NW2d 693 (1992); 47 U.S.C. § 227(c)(5)(A).

**ANSWER:  The allegations contained in paragraph 60 of the Complaint are denied as untrue.**

**WHEREFORE, Defendant respectfully requests the Court enter a judgment of no cause of action in its favor and against Defendant, award Defendant its costs and attorney fees for having to defend this action, and grant Defendant any other relief this Court deems just and proper.**

## **AFFIRMATIVE DEFENSES**

Defendant may rely on the following affirmative defenses at trial:

1.     Plaintiff's Complaint is or may be barred, in whole or in part, for failure to state a claim for which relief can be granted.

2.     Plaintiff's Complaint is or may be barred, in whole or in part, due to unclean hands.

3.     Plaintiff's Complaint is or may be barred, in whole or in part, due to estoppel.

4.     Plaintiff's Complaint is or may be barred, in whole or in part, due to waiver.

5.     Plaintiff's Complaint is or may be barred, in whole or in part, due to acquiescence.

6.     Plaintiff's Complaint is or may be barred, in whole or in part, due to a bona fide error.

7.     Plaintiff's Complaint is or may be barred, in whole or in part, due to an adequate remedy at law.

8.     Plaintiff's Complaint is or may be barred, in whole or in part, due to exclusivity of remedy.

9.      Plaintiff's Complaint is or may be barred, in whole or in part, due to failure to mitigate damages.

10.     Plaintiff's Complaint is or may be barred, in whole or in part, due to absence of or failure to meet elements under the Telephone Consumer Protection Act or its state law equivalent and associated regulations or law.

11.     Plaintiff's Complaint is or may be barred, in whole or in part, because Plaintiff lacks standing.

12.     Plaintiff's Complaint is or may be barred, in whole or in part, due to lack of personal jurisdiction over Defendant.

13.     Plaintiff's Complaint is or may be barred, in whole or in part, due to implied or express consent.

14.     Plaintiff's Complaint is or may be barred, in whole or in part, due to any applicable safe harbor provisions.

15.     Plaintiff's Complaint is or may be barred, in whole or in part, due to any applicable statute of limitations.

16.     Defendant reserves the right to amend these Affirmative Defenses as the case progresses.

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, PC
Attorneys for Defendant

Dated: May 31, 2024          By:     s/ Brandon M.H. Schumacher
                                      David R. Russell (P68568)
                                      Brandon M. H. Schumacher (P82930)
                                      313 S. Washington Square
                                      Lansing, MI 48933
                                      (517) 371-8150
                                      drussell@fosterswift.com
                                      bschumacher@fosterswift.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I directed Wendy Paul to electronically file the foregoing Answer to Complaint and Affirmative Defenses with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

Dated:  May 31, 2024              s/ Brandon M. H. Schumacher
                                  Brandon M. H. Schumacher (P82930)
                                  Foster, Swift, Collins & Smith, P.C.
                                  313 S. Washington Square
                                  Lansing, MI 48933-2193
                                  (517) 371-8255
                                  bschumacher@fosterswift.com

38659:00001:200573312-1

32